2009 BNH 008        Note:   This is an unreported opinion.  Refer to LBR 1050-1 regarding citation.
_____

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

In re:                                                                                          Bk. No. 08-13428-JMD
                                                                                                Chapter 11
MTM Realty Trust,
             Debtor

*Richard L. Levine, Esq.*
*Kenneth E. Rubinstein, Esq.*
*Nelson, Kinder, Mosseau & Saturley, P.C.*
*Boston, Massachusetts*
*Attorneys for Alliance Energy, LLC*

*Jennifer Rood, Esq.*
*Bernstein, Shur, Sawyer & Nelson, P.A.*
*Manchester, New Hampshire*
*Attorney for Debtor*

## MEMORANDUM OPINION

### I. INTRODUCTION

Alliance Energy, LLC ("Alliance"), a secured creditor in this chapter 11 case, filed a motion to determine whether MTM Realty Trust (the "Debtor") is a single asset real estate entity under § 101(51B) of the Bankruptcy Code.[1]  The Court held a hearing on February 20, 2009, on Alliance's motion for relief and motion to dismiss the case.  At the time the Court held that hearing, Alliance and the Debtor had already filed their written arguments on the single asset real estate issue.  After the hearing the Court issued an order stating that it would rule on the papers if the parties did not request a hearing by February 27, 2009.  The parties did not respond by the

---

[1] Unless otherwise indicated, in this opinion the terms "Bankruptcy Code," "section" or "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109-8.

deadline.  Accordingly, the Court will determine whether the Debtor's property constitutes single asset real estate based on the written arguments of the parties and the record in this case.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.).  This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II.  DISCUSSION

A chapter 11 debtor's status as a single asset real estate entity matters because § 362(d)(3) imposes an expedited time frame for single asset real estate debtors to file a chapter 11 plan or commence adequate protection payments.  In a single asset real estate case, the court must grant relief from the automatic stay unless, within 90 days after the debtor filed its petition (or 30 days after the court determines the debtor's status), the debtor either: (1) files a reorganization plan with a reasonable possibility of being confirmed within a reasonable time; or (2) makes monthly interest payments to creditors whose claims are secured by the relevant property.  See 11 U.S.C. § 362(d)(3).

Section 362(d)(3) only applies to a stay against property constituting single asset real estate.  The term "single asset real estate" is defined as:

> real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental.

11 U.S.C. § 101(51B).[2]  Therefore, before real property may be subject to the single asset real estate provisions of the Code, the Court must determine that all three elements in the statutory definition are satisfied.  First, the real property must constitute a single property or project, other than residential real property with fewer than four residential units.  Second, the real property must generate substantially all of the debtor's gross income.  And third, the debtor must not be involved in any substantial business other than the operation of its real property and incidental activities.  In re Philmont Dev. Co., 181 B.R. 220, 223 (Bankr. E.D. Pa. 1995).

In this case, the Debtor's real property is not residential.  The property is a single commercial property or project.  The Debtor listed one property on its Schedule A and, under the description section, the Debtor indicates the property is "Land and Commercial Buildings, 10 Manchester Street, Derry, New Hampshire."  Doc. No. 17.  Bankruptcy schedules are admissions of a debtor signed under penalty of perjury.  In re Harmony Holdings, LLC, 393 B.R. 409, 414 (Bankr. D.S.C. 2008).  By the Debtor's own admission then, the real property is commercial and meets the first element of single asset real estate under § 101(51B).

The Debtor's real property generates all of the Debtor's gross income.  On its statement of financial affairs, the Debtor listed its gross income from the operation of its business as the following:

| Amount | Source |
|---|---|
| $127,717.00 | 2008 Rental Income |
| $110,697.00 | 2007 Rental Income |
| $124,637.00 | 2006 Rental Income |

---

[2] When first enacted, the definition of single asset real estate in § 101(51B) also required that the property's aggregate non-contingent, liquidated secured debts did not exceed $4 million, but that language was deleted by BAPCPA in 2005.

3

Doc. No. 16. The Debtor lists no other income. The real property therefore generates all of the Debtor's gross income and meets the second element of a single asset real estate property under § 101(51B).

The remaining issue is whether the Debtor has any other substantial business activities outside operating its real property. Case law interpreting § 101(51B) generally views single asset real estate as "a building or buildings which were intended to be income producing, or raw land." In re Kkemko, Inc., 181 B.R. 47, 51 (Bankr. S.D. Ohio 1995). The debtor must "perform[] functions intrinsic to owning and developing the real estate . . . ." Kara Homes, Inc. v. Nat'l City Bank (In re Kara Homes, Inc.), 363 B.R. 399, 406 (Bankr. D.N.J. 2007). The Debtor's property falls squarely within this category. The Debtor simply collects rent from the four tenants listed on Schedule G: Enterprise Rent-a-Car, Fastbreak Sports, Garden Island Realty, and Quizno's Sub. See Doc. No. 21. The Debtor also included an exhibit attached to its statement of financial affairs where it lists the details of its business checks. See Doc. No. 29. This exhibit further supports the Court's finding that there are no substantial business operations other than functions intrinsic to owning the real estate. The Debtor's checks paid normal expenses associated with owning a commercial real estate building. It paid for electricity for signs and parking lot lights, phone services, insurance and taxes, trash removal, building improvements, landscaping, and its mortgage. No other information provided by the Debtor in its schedules, statements, or supplemental papers supports a contrary conclusion. The Debtor is therefore not involved in any substantial business other than operating its real estate and incidental activities.

The Debtor's operation of its property is also easily distinguishable from other cases where courts did not find that the third element of the single asset real estate definition was satisfied.  For example, a debtor's operation of a marina involves more than the simple rental of moorings because the debtor also stored boats, provided showers and a pool, sold concessions, and sold gas for boaters.  In re Kkemko, 181 B.R. at 51.  Additionally, debtors who operate golf courses often do not fit within § 101(51B) because most golf courses have other amenities and services like pro shops, concessions, and golf-cart rentals that are not functions intrinsic to owning real estate.  See Commerce Bank & Trust Co. v. Perry Hollow Golf Club, Inc. (In re Perry Hollow Mgmt. Co., Inc.), 2000 BNH 013, at 3; Banc of Am. Commercial Fin. Corp. v. CGE Shattuck, LLC (In re CGE Shattuck, LLC), 1999 BNH 046, at 12-13; In re Larry Goodwin Golf, Inc., 219 B.R. 391, 393 (Bankr. M.D.N.C. 1997).

A debtor who operated a full-service hotel also did not meet § 101(51B) because it also operated a restaurant, bar, and gift shop which constituted significant unrelated business.  See Centofante v. CBJ Dev., Inc., (In re CBJ Dev., Inc.), 202 B.R. 467, 473 (B.A.P. 9th Cir. 1996); see also In re Whispering Pines Estate, Inc., 341 B.R. 134 (Bankr. D.N.H. 2006) (similar).  And more recently, the Fifth Circuit held that a debtor's 200,000-acre timber harvesting business did not fall under § 101(51B) because the debtor had sophisticated planning, growing, and harvesting operations that also included building roads on the property and maintaining over sixty employees, many of whom were forestry scientists, to help with, among other things, complying with various environmental rules and regulating erosion and water quality.  See Ad Hoc Group of Timber Noteholders v. Pacific Lumber Co. (In re Scotia Pacific Co., LLC), 508

F.3d 214, 217 (5th Cir. 2007).  Significantly, the debtor in Scotia Pacific performed its business on the real estate for selling timber, a purpose unrelated to the underlying real estate.  Id. at 223.

These cases illustrate that the other business operations must be separate and distinct from owning and managing real estate.  By contrast, a property falls within the third element of the definition of single asset real estate where a debtor's revenues are passive in nature (i.e. collection of rent) and the debtor is not conducting any active business, other than merely operating the real estate and conducting incidental activities such as arranging for maintenance. In re Golf Club Partners, L.P., 2007 WL 1176010, at *5 (E.D. Tex. Feb. 15, 2007).  The Debtor's property satisfies the third element of the definition of single asset real estate.

### III.  CONCLUSION

For the reasons stated above, the Debtor's property constitutes single asset real estate under § 101(51B).  This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  The Court will issue a separate order consistent with this opinion.

ENTERED at Manchester, New Hampshire.

Date:  March 9, 2009        /s/ J. Michael Deasy
                            J. Michael Deasy
                            Bankruptcy Judge